Colcock, J.
delivered the opinion of the Court.
Without going into a consideration of all the grounds taken in the brief, we are of opinion that the motion must be granted on the first, viz; that the deputy, who made the levy, was one of the plaintiffs in the execution. The law wisely foreseeing that the ministers of justice should be freed, as far as practicable, from all the improper bias which may result from self interest, has declared, that no man shall be his own officer, and that no one shall in his own person, and by hís own hand, do himself right by legal process. Therefore, when the officer is interested, it declares, that another shall act; and this, in principle, applies to all, though to some with greater, to others with less force.,
A distinction has been attempted, as to the nature of the process, and the degree of interest; but I am inclined to support the broad ground, as the safest, and to say, that no officer, who *468 is interested in a suit, shall serve any process appertaining to? ^ from commencement to the conclusion. Why I would as^ should it be permitted? Are there not always at command persons enough ready to discharge such duties? Our districts are generally very compact, and sufficient time is afforded for the sheriff himself, if an active and diligent officer, to do the business personally; and it can never occur that his deputy, or deputies, should have so many suits, that he could not himself serve all the process connected with them. It is impossible to foresee all the evils which may result from suffering officers to act in their own affairs, and particularly these subordinate officers. Much injury may be done, which is never heard of, but submitted to in silence, from an inability in the sufferer tó protect himself. Although the other irregularities in this case are not, perhaps, when taken separately, sufficient to avoid the sale, yet it is more than probable that so many would not have occurred, in a ease, which had been conducted by a disinterested officer. The levy very imperfectly weirded, the advertisement by no means as full as it should have been, a promise to postpone the sale, and then the land sold, are to say the least, I hope, very unusual occurrences.
Scanlan v. Turner, ante, ’
I am aware' that it is said in some of the old cases, five or six hundred years ago, that.it was doubted, whether a sheriff could serve a writ in which he was interested; but these doubts, I think, must, always have been unfounded. The common law has been eulogized as a system of reason and justice, adapted to the exigences of society. Now S ask, whether a proposition can be stated, which would be more universally concurred in, than that no officer should be permitted to act in his own case. I know of none, which 1 think should be more general in its application, Í would say, from a conslable to the President of the United Mates. At this very sitting we set aside a renunciation 0f dower, because the justice of the quorum, by whom it was taken, was interested in the transaction, although for his children merely, and not for himself. And in the case of May v. Walters, from Colleton District, decided in May, 1823, 2 M‘C. 470, it was held, that the service of a writ by the deputy of the plaintiff, who was sheriff, was void; in which all the Judges present concurred, except Mr. Justice Gantt, who dissented on the ground, that the sheriff was only the nominal *469 plaintiff. This doctrine is, however, supported by some of the old authorities, as in Cro. Car. 416. Plowd. 76, a. There can be no distinction made between a deputy and the sheriff in such cases ; they are equally embraced in all the reasons of the law, and are in fact identified. In Gage v. Graffam, 11 Mass. 181, it was laid down, that process served by a deputy sheriff, where another deputy of the same sheriff is a party, will be set aside on motion. The motion is granted and a new trial ordered, because as the levy was illegal, the sale was consequently void, and the plaintiff’s title was not proven.
Motion granted.